IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-64,962-01 AND


WR-64,962-02



 


EX PARTE JOE ABRAM CAVAZOS, Applicant









ON APPLICATIONS FOR WRITS OF HABEAS CORPUS 

CAUSE NUMBERS 7882-HC AND 7883-HC IN THE 36TH

JUDICIAL DISTRICT COURT SAN PATRICIO COUNTY 



 



 Per curiam.



O R D E R



 These are applications for writs of habeas corpus that were transmitted to this Court
by the clerk of the trial court pursuant to the provisions of Article 11.07, Section 3, of the
Texas Code of Criminal Procedure. Ex Parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App.
1967). Applicant pled guilty to two charges of delivery of a controlled substance and was
sentenced to concurrent terms of confinement in prison for fifteen years. There were no
direct appeals.

 In these applications, Applicant contends, inter alia, that he is not being credited with
street-time earned while on conditional release. Additional information is necessary to
resolve this street-time claim.

 Because this Court does not hear evidence, though, the trial court is the appropriate
forum. Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960). Thus, the trial
court shall resolve this issue as set out in Article 11.07, Section 3(d), of the Texas Code of
Criminal Procedure, in that it shall order the Classification and Records Division as well as
the Parole Division of the Texas Department of Criminal Justice to file affidavits, with
supporting documentation, addressing this issue. The trial court may also order depositions,
interrogatories, or hold a hearing. 

 If the trial court elects to hold a hearing, the court shall first decide whether Applicant
is indigent. If the trial court finds that Applicant is indigent, and Applicant desires to be
represented by counsel, the trial court will then, pursuant to the provisions of Article 26.04
of the Texas Code of Criminal Procedure, appoint an attorney to represent him at the hearing. 
 Following the receipt of additional information, the trial court shall make findings of
fact and conclusions of law regarding whether Applicant has properly exhausted this claim
under Section 501.0081 of the Government Code and whether he has received the proper
credit on his sentences. The trial court may also make any further findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant's
application for habeas corpus relief. 

 Further, because this Court does not hear evidence, Ex parte Rodriguez, 334 S.W.2d
at 294, these applications for a post-conviction writs of habeas corpus will be held in
abeyance pending the trial court's compliance with this order. Resolution of the issues shall
be accomplished by the trial court within 90 days of the date of this order. (1) A supplemental
transcript containing all affidavits and interrogatories or the transcription of the court
reporter's notes from any hearing or deposition along with the trial court's supplemental
findings of fact and conclusions of law shall be returned to this Court within 120 days of the
date of this order. (2)




DELIVERED: June 28, 2008

DO NOT PUBLISH
1. [1] In the event any continuances are granted, copies of the order granting the
continuance shall be provided to this Court.
2. [2] Any extensions of this time period shall be obtained from this Court.